THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES FISHER,

    Plaintiff,

    v.

RITE AID CORPORATION and
ECKERD CORPORATION d/b/a
RITE AID,

    Defendants.

Civil Action No.: RDB-09-1909

## **MEMORANDUM OPINION**

Plaintiff James Fisher ("Plaintiff" or "Fisher") has filed this putative class action under Federal Rule of Civil Procedure 23 for alleged violations of the Maryland Wage Payment and Collection Law ("MWPCL") and the Maryland Wage and Hour Law ("MWHL"). Defendants Rite Aid Corporation and Eckerd Corporation ("Defendants") have moved this Court to dismiss the present action on several grounds and they argue that it is duplicative of an earlier filed action brought under the Fair Labor Standards Act ("FLSA") currently pending in the United States District Court for the Middle District of Pennsylvania, where Fisher is also a plaintiff. The parties' submissions have been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons stated below, Defendants' motion is GRANTED.

### BACKGROUND

On December 29, 2008, Defendants Rite Aid Corporation ("Rite Aid") and Eckerd Corporation ("Eckerd") (together, "Defendants") were named as defendants in a class action lawsuit brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C.

§§ 201 *et seq.*, in the United States District Court for the Middle District of Pennsylvania. *Craig v. Rite Aid Corporation, et al.*, Case No. 4:08-cv-02317-JEJ (M.D. Pa.) (hereinafter "*Craig*"). Defendants were alleged to have misclassified salaried assistant mangers as "exempt" from entitlement to overtime compensation in violation of 29 U.S.C. § 207. On June 26, 2009, Plaintiff James Fisher ("Plaintiff" or "Fisher") joined the *Craig* lawsuit and on December 9, 2009, the federal court in Pennsylvania granted conditional certification, permitting notice of opt-in opportunity to a nationwide collective class, defined to include "all individuals classified as exempt from the FLSA's overtime pay provisions and employed as salaried Assistant Managers . . . ." Ex. C to Defs.' Mot. to Dismiss.

Soon after joining the *Craig* suit, on July 21, 2009, Fisher filed the instant lawsuit pursuant to the Maryland Wage Payment and Collection Law ("MWPCL") and the Maryland Wage and Hour Law ("MWHL"). Fisher has fashioned the present case as a class action under Federal Rule of Civil Procedure 23, asserted on his own behalf and on behalf of all persons "who were employed by Defendants as assistant managers and/or other comparable positions with different titles, who were non-exempt employees within the meaning of the MWHL and MWPCL and who have not been paid for all wages owed to them, including overtime wages, in violation of the MWHL and MWPCL (the 'Class')."[1] Am. Compl. ¶ 12. On December 2, 2009, the Judicial Panel on Multidistrict Litigation denied an application to transfer several cases, including this case and the *Craig* case, for purposes of multi-district litigation. *See* Order Denying Transfer (Paper No. 23).

On February 16, 2010, Defendants filed the pending Motion to Dismiss (Paper No. 30) challenging Fisher's lawsuit on several independent grounds. Specifically, Defendants argue

---

[1] Fisher filed an amended complaint on July 27, 2009, which retained all of the allegations set forth in the original complaint, but deleted a reference to the FLSA in the "Prayer for Relief" section.

that (1) Fisher has failed to state a claim; (2) the MWPCL does not does not govern claims for overtime pay; (3) Fisher's state law claims are preempted by the FLSA; (4) Fisher's Rule 23 claims are incompatible with the *Craig* action brought under FLSA Section 216(b); (5) Fisher's state law claims violate the Rules Enabling Act; (6) Fisher's Rule 23 action is not superior to other methods of adjudication; (7) the instant lawsuit should be dismissed or stayed pursuant to the first-to-file rule. Having reviewed the parties' respective arguments, as set forth in their briefs, this Court hereby GRANTS Defendants' Motion to Dismiss (Paper No. 30). Count Two of Fisher's Amended Complaint, brought under the MWPCL, is dismissed with prejudice. Count One of the Amended Complaint, which asserts a claim under the MWHL, is dismissed without prejudice pursuant to the first-to-file rule.

## DISCUSSION

### I. The Maryland Wage Payment and Collection Law Does Not Govern Claims for Overtime Pay

It is well established that the MWPCL "does not concern the amount of wages payable but rather the duty to pay whatever wages are due on a regular basis and to pay all that is due following termination of the employment." *Friolo v. Frankel*, 373 Md. 501, 513 (2003); *see also McLaughlin v. Murphy*, 372 F. Supp. 2d 465, 474 (D. Md. 2004) (noting that the MWPCL "does not regulate minimum wage and overtime payments," but only the timing of payment and the payment upon termination); *Tucker v. Sys. Specialist Furniture Installations, Inc.*, No. JFM-07-1357, 2007 U.S. Dist. LEXIS 71434, at *1-3 (D. Md. Sept. 26, 2007) (same). This Court has recently noted that "the Maryland Wage and Hour Law, not the MWPCL, is the state's equivalent of the FLSA, and shares its purpose to provide a minimum wage and maximum hours for employees." *Reed v. Code 3 Sec. & Prot. Servs.*, No. AW-09-1162, 2009 U.S. Dist. LEXIS 118637, at *16 (D. Md. Dec. 18, 2009) (quotation marks and citation omitted). Because Fisher's

3

allegations concern entitlement to overtime wages, the claim asserted under the MWPCL in Count Two of his Amended Complaint must be dismissed with prejudice.[2]

## II. The First-to-File Rule Warrants the Dismissal of Fisher's Lawsuit

The first-to-file rule "requires substantially overlapping cases filed in separate fora to be resolved in the forum where the initial case is filed unless a balance of convenience favors the second action." *Smart Technologies, Inc. v. Polyvision Corp.*, 3:04-cv-545, 2004 U.S. Dist. LEXIS 29483, at *5-6 (E.D. Va. Oct. 20, 2004) (citing *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 (4th Cir. 1974)). Due to its importance in ensuring judicial efficiency, consistency, and comity, courts have noted that the rule "should not be disregarded lightly." *Neuralstem, Inc. v. Stemcells, Inc.*, 573 F. Supp. 2d 888, 900 (D. Md. 2008) (internal quotation marks omitted); *see also Rite Way Crack Repair, LLC v. Guardian Crack Repair, LLC*, WMN-09-1207, 2009 U.S. Dist. LEXIS 82574, at *11 (D. Md. Sept. 10, 2009) (noting that the underlying principles of the first-to-file rule include the conservation of judicial resources and the parties' time and money, and to prevent the possibility of reaching conflicting results).

This Court finds that the first-to-file rule properly applies because the parties and issues in the instant matter and the *Craig* action are substantially similar. *See New Beckley Mining Corp. v. International Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991) (noting that cases are parallel when "substantially the same parties litigate substantially the same issues in different forums"). Fisher, the named plaintiff in the instant case, is a party-plaintiff in the *Craig* action, and the same Defendants are named in both actions. Although the classes in the two cases may eventually include different individuals, each class is similarly defined to include current and former assistant managers of Rite Aid. *See Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.

---

[2] In his Opposition to Defendants' Motion to Dismiss (Paper No. 38), Fisher conceded that he could not assert a claim for overtime wages under the MWPCL and he accordingly stipulated that his claim in Count Two should be dismissed.

Supp. 2d 686, 689 (E.D. Tenn. 2005) (finding that the parties in two separate cases substantially overlapped because they both defined the putative classes similarly). In addition, the underlying legal and factual issues in the cases are the same. Both involve whether Defendants improperly failed to compensate assistant mangers for overtime work performed. In order for this issue to be resolved, a determination must be made as to whether Rite Aid misclassified assistant managers as exempt from overtime compensation under the standard set forth in the FLSA. Nevertheless, Fisher notes that the cases are not exactly duplicative, and he emphasizes some of the differences between the state statutory wage claim and the FLSA action. However, for the first-to-file rule to apply, courts need not find a precise overlap. A showing of substantial similarity, as was made here, will suffice. *See, e.g.*, *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003); *Fuller*, 370 F. Supp. 2d at 690.

The circumstances in this case are remarkably akin to those before the court in *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9, 2003). *Walker* involved a state wage and hour claim originally filed in Washington state court that had been removed to federal court on diversity grounds. The plaintiffs asserting the state wage claim were opt-in members in a previously-filed nationwide FLSA action pending in the Eastern District of Louisiana. Despite the fact that the pertinent state and federal laws employed different standards, the U.S. District Court for the Western District of Washington dismissed the state wage and hour law claim, noting:

> Given that the first-to-file rule requires only a substantial similarity between the claims, this slight difference between federal and state law does not prevent application of the rule. In any event, plaintiffs have failed to demonstrate how any broader standard under the MWA would affect adjudication of their claims.

*Walker*, 2003 U.S. Dist. LEXIS 7871, at *3. This reasoning is especially applicable in the instant matter, because the MWHL incorporates by reference the FLSA's "white collar exemptions"

from overtime wage requirements.³ *See Turner v. Human Genome Sciences, Inc.*, 292 F. Supp. 2d 738, 744 (D. Md. 2003) (noting that the overtime requirements under the MWHL are identical to those under the FLSA, meaning that plaintiffs' overtime "claim under the MWHL stands or falls on the success of their claim under the FLSA"). As a result, the interpretation of the FLSA exemption issue in the *Craig* action will be determinative of the central issue raised in Fisher's state law action. *See Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 2007) (lawsuits are duplicative where "a determination in one action leaves little or nothing to be determined in the other").

Because the instant lawsuit bears substantial similarities with the *Craig* action, the first-to-file rule properly applies in this case, and this Court defers to the first-filed action pending before the U.S. District Court for the Middle District of Pennsylvania.⁴

## CONCLUSION

For the aforementioned reasons, this Court hereby GRANTS Defendants' Motion to Dismiss (Paper No. 30). Count One of Fisher's Amended Complaint, which asserts a claim under the Maryland Wage and Hour Law ("MWHL"), is DISMISSED without prejudice pursuant to the first-to-file rule. Count Two the Amended Complaint, brought under the Maryland Wage Payment and Collection Law ("MWPCL"), is DISMISSED with prejudice.

Date : June 8, 2010                              /s/_____
                                                 Richard D. Bennett
                                                 United States District Judge

---

³ The FLSA and the MWHL both provide that employers are not required to pay overtime to certain categories of employees, including those who serve in a "bona fide executive, administrative or professional capacity." 29 U.S.C. § 213(a)(1); Md. Code Ann., Lab. & Empl., § 3-403.

⁴ Having concluded that dismissal of the instant lawsuit is warranted under the first-to-file rule, this Court refrains from addressing the additional challenges set forth in Defendants' motion to dismiss.